IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RUSSELL GAITHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-043 |
| ) | |
| MS. ARCHAR; WARDEN BUTTS; ) | |
| MS. CASON; DEANN MORRIS; ) | |
| SGT. FARMER; NURSES at G.S.P. from ) | |
| 1/28/14 to 2/13/14; MITZI HALL; ) | |
| LT. O'NEAL; NURSE PULLIN; ) | |
| MS. PUGH; MS. PRICE; ) | |
| DR. COWENS; DR. AJIBADE; ) | |
| WARDEN BRAD HOOKS; ) | |
| OFFICER JORDAN; and ) | |
| MR. WICKER,[1] ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). As explained below, Plaintiff has been

---

[1]Consistent with the list of Defendants in the amended complaint, (doc. no. 14, pp. 1, 5, 6), the Court **DIRECTS** the **CLERK** to update the docket in accordance with the caption of this Report and Recommendation.

given the opportunity to amend his complaint, and it is the amended complaint that is now before the Court for screening.

## I.	SCREENING OF THE AMENDED COMPLAINT

### A.	BACKGROUND

The original complaint, signed by Plaintiff on May 11, 2015, and filed by the Clerk of Court on May 13, 2015, named nine Defendants, all of whom worked in some capacity at JSP or Georgia State Prison in Reidsville, Georgia. They were the same nine Defendants Plaintiff sued in an IFP case in the Middle District of Georgia that had been dismissed as frivolous, malicious, or for failure to state a claim under the Prison Litigation Reform Act. Gaither v. Pullin, No. 5:14-CV-260-MTT, doc. no. 6, p. 15 (M.D. Ga. Aug. 21, 2014) (citing 28 U.S.C. § 1915(g)). Plaintiff filed a Notice of Appeal as to the dismissal of his case in the Middle District of Georgia on September 24, 2014. Id., doc. no. 9. On April 10, 2015, the Eleventh Circuit Court of Appeals dismissed the untimely appeal for lack of jurisdiction. Gaither v. Pullin, No. 14-14846-A, slip op., pp. 1-2 (11th Cir. Apr. 10, 2015).

When Plaintiff filed his original complaint in this Court approximately one month after the dismissal of his appeal, he also filed a document entitled "Notice of Appeal," in which he seemed to suggest he was appealing the dismissal of his appeal to the Eleventh Circuit to the Southern District of Georgia. (Doc. no. 2.) Of course, no such procedure exists for filing an appeal of a ruling of the Court of the Appeals with a District Court. In fact, the process works in the opposite direction, with appeals from the District Court going to the Court of Appeals. In any event, within one week of commencing his case in this Court, Plaintiff filed a motion to amend, and on May 28, 2015, the Court allowed Plaintiff thirty days to file an amended complaint on the standard form used by incarcerated litigants

2

in the Southern District. (See doc. nos. 4, 7.) The Court also provided Plaintiff with specific instructions on the procedure for amending his complaint, including an admonition not to attach more than six-handwritten pages to the standard form. (Doc. no. 7, pp. 4-6.) The Court cautioned Plaintiff that he must comply with the terms of the May 28th Order or the Court would presume that he wished to dismiss this case. (Id. at 6.)

In response, Plaintiff first submitted twenty-one, hand-written bullet points describing various events from August 28, 2014 through March 6, 2015. (Doc. no. 8.) Four days later, he submitted fifty-one pages of documents, which included various grievances, appeals, letters, and narratives from Plaintiff. (Doc. no. 9.) Next, even though the Court gave Plaintiff permission to file an amended complaint, as well as the necessary complaint form to do so, Plaintiff asked for additional time to amend his complaint because the law librarian at JSP allegedly would not give him the necessary forms to file a motion to amend his complaint. (Doc. no. 10.) The Court granted the request and directed the Clerk to send Plaintiff another copy of the May 28th Order containing the instructions for amending his complaint and another blank complaint form. (Doc. no. 11.)

Plaintiff then filed the amended complaint which is now before the Court for screening. (Doc. no. 14.) In this version of his complaint, Plaintiff no longer suggests that he is appealing the Eleventh Circuit decision in Gaither v. Pullin, *supra*, but instead claims that he brought yet another lawsuit in the Middle District of Georgia dealing with the same facts raised in the amended complaint, Gaither v. Myers, No. 4:13-CV-133-CDL, doc. no. 82 (M.D. Ga. May 15, 2014), and that he lost his case at trial. (Doc. no. 14, pp. 1-2.) In that case, Plaintiff raised allegations of use of excessive force against two correctional officers at Rutledge State Prison who forcibly shaved Plaintiff on March 14, 2013. Gaither v. Myers,

doc. nos. 1, 5. Plaintiff also claims in his amended complaint that in addition to himself, there are nine other Plaintiffs in this case, (doc. no. 14, p. 6), none of whom have signed the amended complaint, submitted a motion to proceed IFP, or otherwise given any affirmative indication that they wish to pursue litigation in federal court. Moreover, despite claiming the facts of this case are related to his prior case concerning an alleged use of excessive force at Rutledge State Prison in 2013, Plaintiff has submitted an eight-page, handwritten statement of claim detailing all manner of events concerning his medical treatment, housing assignment, and dealings with the prison library at JSP from 2014 through 2015. (See generally doc. no. 14, pp. 7-14.) He has also attached several pages of exhibits consisting of requests for reference materials from the library, statements from fellow inmates, requests for indigent postage, receipts for grievances, and a copy of a label for a topical cream that has been prescribed for him. (See id. at 17-23).

### B. DISCUSSION

#### 1. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing

Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court provided Plaintiff with explicit instructions, including a page limitation, for amending his complaint. In response, Plaintiff first submitted over fifty pages of documentation without attempting to use the complaint form provided to him by the Court. Then, when he did submit the complaint form, he exceeded the page limitation and wrote a rambling narrative describing all manner of daily occurrences at JSP which offend his sensibilities. He also purports to add nine other Plaintiffs to the case without describing their involvement in any issues raised in the case, let alone offering any basis for the proposition that, even if procedurally proper, they want to join in this litigation.

The Eleventh Circuit has affirmed the dismissal of a pro se complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007); see also Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'") Plaintiff's disregard of the Court's instructions, resulting in the submission of numerous documents bearing no stated relationship to the disjointed narrative in the statement of claim that exceeded the Court's page limitation, amounts to a shotgun pleading that has been repeatedly condemned by the Eleventh Circuit Court of Appeals. See Weiland v. Palm Beach County Sheriff's Office, -F.3d-, No. 13-14396, 2015 WL 4098270, at *5 (11th Cir. July 8, 2015) (collecting cases explaining four types of shotgun pleadings, including categories for "being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and "asserting multiple claims against

5

multiple defendants without specifying which defendant(s) are responsible for which acts or omissions, or which of the defendant(s) the claim is brought against"); Byrne v. Nezhat, 261 F.3d 1075, 1129-31 (11th Cir. 2001) ("Such disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery."), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001); Cramer v. State of Fla., 117 F.3d 1258, 1261 (11th Cir. 1997) (condemning "rambling 'shotgun' pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming"). The amended complaint in no way complies with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the grounds for the Court's jurisdiction and of Plaintiff's claims showing he is entitled to relief.

Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending. Thus, Plaintiff's case should be dismissed without prejudice for failing to follow the Court's instructions regarding amending his complaint.

### 2. Plaintiff's Amended Complaint Should Also Be Dismissed for Providing Dishonest Information about his Prior Filing History.

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

6

granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs, *inter alia*, disclose: (1) whether they have brought other state or federal lawsuits dealing with the same facts as this action, (2) whether they have brought other federal lawsuits while incarcerated dealing with facts other than those involved in this action, (3) the disposition of any such lawsuits, (4) whether they were allowed to proceed IFP in any such lawsuits, and (5) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 14, pp. 1-4.) Under the questions concerning whether a prisoner plaintiff has brought any lawsuits dealing with the same facts or facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 1-2.)

Here, under penalty of perjury, Plaintiff identified one case as having been filed dealing with the same facts involved in this action, Gaither v. Myers, No. 4:13-CV-133-CDL. Id. at 1. However, that was a case concerning alleged use of excessive force at Rutledge State Prison. Gaither, No. 4:13-CV-133-CDL, doc. nos. 1, 5. It does not involve the same facts as this action concerning events alleged to have occurred during Plaintiff's confinement at JSP. Plaintiff has, however, filed a case that was dismissed concerning many of the same facts as this case, Gaither v. Pullin, No. 5:14-CV-260-MTT (M.D. Ga. July 11, 2014). Not only was that case dismissed and counted as a strike after screening for frivolousness, maliciousness, or failure to state a claim, but Plaintiff's appeal of the strike was dismissed as untimely. Gaither, No. 5:14-CV-260-MTT, doc. no. 6; Gaither v. Pullin, No. 14-14846-A. In his amended complaint, Plaintiff failed to disclose the similar case, its dismissal, or the dismissal of the appeal in his amended complaint. Less than one month after receiving an unfavorable decision on his appeal to the Eleventh Circuit concerning the dismissal of his Middle District of Georgia case, Plaintiff decided to try again, without fully or accurately disclosing his prior filing history, in the Southern District.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Secretary Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). It is also well-established that if a plaintiff engages in bad faith litigiousness or manipulative tactics, dismissal is warranted. Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). As discussed above, Plaintiff's answers about his prior filing history were dishonest. Moreover, Plaintiff has engaged in bad faith litigiousness and manipulative tactics by attempting to "appeal" an adverse decision from the Eleventh Circuit concerning the dismissal of a case dealing with the same facts, and then attempting to obfuscate his intentions by failing to comply with the Court's instructions about amending. As such, this case should be dismissed without prejudice as a sanction for abusing the judicial process.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that that Plaintiff's case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of July, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA